J. A. N. BRENDLE v. A. L. HERREN and A. J. HERREN.

*Assignment of Error.*

No specific errors being assigned in the record, the judgment below will
be affirmed.

(See same case reported in 97 N. C., 257).

Motion heard before *Montgomery, Judge,* at Fall Term,
1887, of HAYWOOD Superior Court.

In the progress of this cause, and after a response from
the jury to an issue submitted to them, it was adjudged by
the Court as follows:

1. That the defendant A. L. Herren had a charge and
lien upon the land sued for, for the sum of $300, with inter-
est on the same from the 12th day of October, 1870, and that
he hold said land until the same is satisfied and paid;

2. That upon the payment of said sum, with interest, as
above provided, the said defendant A. L. Herren is hereby
declared a trustee for the plaintiff, in respect to said land,
for and during the life of T. D. Welch;

3. That upon his death, and subject to the right of dower
of Selina Welch therein, which lands the defendant acquired

by the deed of 12th of October, 1870, the said defendant is hereby declared to be trustee for the plaintiff of an absolute estate in fee simple in the remainder, and that he convey the same by sufficient deed.

The plaintiff now seeks to enforce the performance of the judgment, alleging in his petition, that he had deposited in the clerk's office the money required, to-wit: $601.50, with a deed properly drawn, in accordance with the judgment, to be executed by the defendant, notifying him thereof, and that the sum so paid in was at his disposal when he executed the deed. He then demanded the execution of a deed from the defendant and a writ of assistance to put him in possession. The defendants answer, admitting the' deposits as alleged, says that the deed was not in proper form, and he deposited another, of which we have a copy before us, properly executed for delivery to the plaintiff when he placed the required sum in the office for his use, he having, on the very day of giving notice to defendant of what he had done, withdrawn his said deposit.

Upon this presentation of the matter, the Court re-affimed the judgment in general terms, and ordered the defendant to make the deed, without passing upon that in the office, and refused the writ of assistance asked for. From this ruling the plaintiff appeals.

No counsel for the plaintiff.
*Mr. G. S. Ferguson,* for the defendants.

SMITH, C. J., (after stating the case). No specific errors are pointed out, and we are at a loss to know of what the appellant complains. The judgment, perhaps unnecessary to be reviewed in terms, is in strict conformity to that previously rendered, and which, on account of differences between them as to the form of the deed required, remains unperformed. We have not that prepared by the plaintiff

before us, and cannot pass upon its sufficiency. But in examining the other, we think its provisions conform in substance to the requirements of the order, and should be accepted by the plaintiff, and the judgment should be so modified as to declare its sufficiency and require the unconditional payment of the money due the defendant in the office.

There is no error in the ruling of which the appellant can complain, and the judgment as modified is affirmed.

Modified and affirmed.